Spencer D. GARDNER, Appellant,

v.

A. S. GARDINER AND CO., Realtor, Appellee.

No. 1815.

Municipal Court of Appeals for the District of Columbia.

Argued June 11, 1956.

Decided July 6, 1956.

Spencer D. Gardner, pro se.

David A. Scott, Washington, D. C., with whom Charles B. Heinemann, Jr., Washington, D. C., was on the brief for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

On June 28, 1955, under the terms of a written lease, the appellant became the tenant of the appellee, of a store located in this District, for a period of one year from July 1, 1955, at a monthly rental of $50.00, the premises to be used as a cleaning and pressing establishment; on June 22, 1955, appellee addressed a letter to the appellant agreeing to complete certain work in the store by the commencement date of the lease, including the installation of a toilet in accordance with the District of Columbia Building Code.

Appellant's suit is predicated upon the failure of the appellee to complete the work it agreed to do in the letter referred to; appellee admits the work was never completed; apparently, because of the failure to complete the work in question, the appellant was never able to operate his business, although he did use the premises as his residence and sleeping quarters until he was evicted on December 28, 1955; concededly, during that period he had paid the sum of $181.00 on account of the rent.

He claimed damages for loss of "business time, experience and good will", for the $181.00 rent paid, as well as compensation for time spent in court and in preparing his defense. The court entered judgment in his favor for $1.00 nominal damages; he appeals.

The appellee admittedly breached its contract to make the improvements; it accordingly was not entitled to its rent for the store as such; it had the opportunity to prove the reasonable value of appellant's use and occupation of the premises for living quarters; it introduced no evidence, however, on this point.

It argues that the court may have taken into consideration the appellant's occupancy of the premises for living quarters and determined that the value received by him was in excess of the amount of the rent paid; but this the court could not do because there was no evidence as to the value of such occupancy.

On the other hand, the appellant offered no competent evidence to support his other items of claimed damages.

We hold that the appellee, without justification, committed a breach of its contract and that the appellant is entitled to recover the sum of $181.00 paid to it as rent.

Reversed with instructions to set aside the judgment for $1.00 nominal damages and to enter a judgment for the appellant for $181.00 compensatory damages.